**EXHIBIT B**

2005 WL 1514091
Only the Westlaw citation is currently available.
United States District Court,
W.D. Texas, San Antonio Division.

Khonsavanh PHONGSAVANE, Plaintiff,
v.
John E. POTTER, Postmaster General, Defendant.

No. CIVASA05CA0219-XR.
|
June 24, 2005.

**Attorneys and Law Firms**

Victor O. Enriquez, Law Offices of Victor O. Enriquez, San Antonio, TX, for Plaintiff.

Joseph C. Rodriguez, Assistant United States Attorney, San Antonio, TX, for Defendant.

ORDER

RODRIGUEZ, J.

 **\*1** On this date the Court considered Defendant's motion to dismiss, or in the alternative, for summary judgment (docket no. 11). Plaintiff, an Asian female postal worker, claims that she was discriminated against in the granting of opportunities for overtime work due to her race. Plaintiff claims that she was taken off the schedule for overtime work while other, more junior, non-Asian postal workers were given those same overtime opportunities. Defendant asserts that Plaintiff has not stated a claim for which relief could be granted because she has not suffered an adverse employment action, cannot show disparate treatment, and has not exhausted administrative remedies. Because Plaintiff's Complaint sufficiently states a claim for Title VII discrimination and retaliation, the motion to dismiss is DENIED in part as to those claims. Plaintiff's Complaint does not state a claim for hostile work environment under Title VII, however, and the motion to dismiss is therefore GRANTED in part. Defendant's alternative motion for summary judgment is DENIED without prejudice as premature.

I. Motion to Dismiss

In considering a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to Plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether Plaintiff is entitled to pursue her complaint and offer evidence in support of her claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker,* 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Dismissal should not be granted " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." ' *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14F.3d 1061, 1067 (5th Cir.1994).

Neither Plaintiff's factual allegations nor argument is a model of clarity. Plaintiff was employed by the United States Postal Service beginning in April 1994. Plaintiff alleges that on September 12, 2003, she was denied the opportunity to work overtime, even though she was scheduled to work overtime that day. In her Complaint, Plaintiff alleges that two unnamed employees, who were not scheduled to work overtime on September 12, were called in to work overtime hours on her scheme.[1] In her response to Defendant's present motion, Plaintiff alleges that she was the only Asian female and qualified employee in her scheme, but that other employees, not qualified for her scheme, were permitted to work overtime in her scheme. Subsequent to September 12, 2003, Plaintiff alleges that she was continuously denied overtime opportunities, while fellow employees Carla Perkins, Pam Williams, Roger Foster, and Gary Sugar (all non-Asian) were permitted to work overtime in her unit. Plaintiff alleges that because she is the only qualified employee in her scheme, the denial of overtime opportunities to her in favor of other, non-Asian employees, evidences discrimination.

A. Title VII Discrimination

**\*2** Title VII makes it "an unlawful employment practice for an employer ... to discharge ... or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." [42 U.S.C. § 2000e-2(a)(1)](). In order to establish a valid claim for discrimination, a plaintiff must meet a tri-partite analysis. *[McDonnell Douglas v. Green,]()* 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff must first establish a prima facie case of discrimination. If this is established, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for his actions. If Defendant satisfies this requirement, the burden shifts again to Plaintiff to prove that the reasons offered by Defendant were not true, but were a pretext to discrimination. *Id.* Plaintiff can establish pretext either directly, by showing a discriminatory reason motivated management, or indirectly, by showing that the reasons given by management are simply not believable. *[Texas Dep't of Cmty. Affairs v. Burdine,]()* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The burden of establishing a prima facie case of discrimination is not overly difficult. See *[Burdine,]()* 450 U.S. at 253. To establish the prima facie case, a plaintiff must show (1) she was a member of a protected class; (2) she was qualified for her position; (3) an adverse employment action was suffered; and (4) other similarly situated employees were treated more favorably. *[Bryan v. McKinsey & Co.,]()* 375 F.3d 358 (5th Cir.2004).

Plaintiff's Complaint clearly establishes that she was a member of a protected class (Asian) and was qualified for her position. As to whether Plaintiff has suffered an adverse employment action, Defendant argues that this cannot be shown. Plaintiff argues that the denial of the opportunity for overtime benefits is itself an adverse employment action. The Fifth Circuit has not ruled on whether the loss of overtime opportunities alone may constitute an adverse employment action. See *[Ellis v. Crawford,]()* No.Civ.A.3:03CV2416D, 2005 WL 525406, at \*7 (N.D.Tex. Mar.3, 2005). The Fifth Circuit has, however, held that, in general, administrative matters are not adverse employment actions. *[Benningfield v. City of Houston,]()* 157 F.3d 369, 376-77 (5th Cir.1998) (citing *[Dorsett v. Bd. of Trustees for St. Colleges & Univ.,]()* 940 F.2d 121, 124 (5th Cir.1991)). In *Benningfield,* the plaintiff complained that she did not receive overtime and travel reimbursement pay due her, not that she was denied overtime opportunities altogether. *Benningfield* therefore has little bearing on this issue. See *[Ellis,]()* 2005 WL 525406, at \*7.

Other Circuit courts to examine whether the denial of overtime opportunity may constitute an adverse employment action have ruled in the affirmative. The Second, Sixth, Ninth, and Eleventh Circuits have all considered this issue in some form. In *[Duzant v. Electric Boat Corp.,]()* 81 Fed. Appx. 370, 371, 2003 WL 22769622, \*11 (2nd Cir. Nov.21, 2003), the Second Circuit accepted the district court's holding that the failure to offer overtime opportunities when other similarly situated employees were offered overtime was an adverse employment action. The Sixth Circuit also held that the denial of overtime could constitute an adverse employment action in *[Broska v. Henderson,]()* 70 Fed. Appx. 262, 267, 2003 WL 21518733, \*4 (6th Cir. June 30, 2003). Likewise, the Ninth Circuit found in *[Fonesca v. Sysco Food Servs. of Arizona, Inc.,]()* 374 F.3d 840, 848 (9th Cir.2004), that a Guatamalean employee who had been passed over for overtime opportunities that were given to other, more junior employees, had stated a proper adverse employment action. The Eleventh Circuit also held that a plaintiff that presented evidence that he was "totally blackballed" from obtaining overtime hours had properly stated an adverse employment action in *[Shannon v. Bellsouth Telecomm., Inc.,]()* 292 F.3d 712, 716 (11th Cir.2002). Finally, the Seventh Circuit in *[Allen v. Potter,]()* 115 Fed. Appx. 854, 860, 2004 WL 2203600, \*5 (7th Cir. Sept.8, 2004), equivocated, but stated that "the denial of overtime *may* be an adverse employment action to support a claim of discrimination." (emphasis added). [2]

**\*3** In the Fifth Circuit, courts are concerned only with whether an action complained of by Plaintiff is an "ultimate employment decision[ ] ... 'such as hiring, granting leave, discharging, promoting, and compensating.' " *[Walker v. Thompson,]()* 214 F.3d 615, 629 (5th Cir.2000) (quoting *[Dollis v. Rubin,]()* 77 F.3d 777, 781 (5th Cir.1995)). Judge Fitzwater in the Northern District has also had cause to consider this question, and has steadfastly asserted that the denial of overtime opportunities, alone, may constitute an ultimate employment decision within the meaning of this standard. See *[Ellis,]()* 2005 WL 525406, \*7; *[Hadad v. Am. Airlines, Inc.,]()* No.Civ.A.3:00CV0041-D, 2003 WL 292170, at \*7 (N.D.Tex. Feb.7, 2003); *[Williams v. J.B. Parks Wholesale Florist, Inc.,]()* No.3:95-CV-2599-D, 1997 WL 160194, \*5

(N.D.Tex. Mar.31, 1997). The Court is convinced that these decisions are correctly decided and that an allegation of the denial of overtime opportunities is sufficient to show an ultimate employment decision and therefore an adverse employment action.

As to the requirement of showing disparate treatment regarding similarly situated employees, at this motion to dismiss stage all that must be alleged is similarly situated, non-Asian employees provided overtime opportunities ahead of Plaintiff. This requirement has been met by the allegations in Plaintiff's Complaint as to employees permitted to work overtime on her unit, even though they were allegedly not qualified. Plaintiff alleges that these employees were permitted to work overtime ahead of her due to Plaintiff's race. These allegations are sufficient to survive a motion to dismiss. Assuming Plaintiff can prove these allegations (which may prove to be a daunting assumption, considering evidence must be adduced that other employees were permitted to work on Plaintiff's unit on days Plaintiff was denied opportunity for overtime), she has stated a claim for which relief can be granted. Defendant's motion to dismiss is therefore DENIED as to the Title VII discrimination claim.

B. Title VII Retaliation and Hostile Work Environment
Defendant asserts that Plaintiff's Title VII retaliation and hostile work environment claims should be dismissed because (1) administrative remedies have not been exhausted and (2) the Complaint does not state a claim for which relief could be granted. Plaintiff initiated the administrative process in this case on September 26, 2003 by filing a "Walk-In Precomplaint Counseling Request." [3] Plaintiff complained of racial discrimination. Plaintiff then filed an EEO Complaint of Discrimination in the Postal Service on December 22, 2003. [4] Plaintiff again complained of racial discrimination. The Complaint was denied on January 6, 2005. Defendant argues that because Plaintiff did not allege retaliation or hostile work environment in the December 22, 2003 EEO complaint, and because Plaintiff has never filed a subsequent EEO complaint as to these claims, that administrative remedies have not been exhausted. Plaintiff need not file a subsequent administrative complaint where the conduct alleged is related to the allegations of the initial charge. See Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir.1995); Gupta v. East Texas State Univ., 654 F.2d 411, 414 (5th Cir.1981) ("It is the nature of retaliation claims that they arise after the filing of the EEOC charge."). "The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Thomas v. Texas Dep't of Criminal Justice, 220 F.3d 389, 395 (5th Cir.2000) (citations omitted). Plaintiff's charge of discrimination was "race." Plaintiff's claim that she was retaliated against for filing an EEOC charge of racial discrimination did not need to be exhausted.

*4 As to the merits of Plaintiff's retaliation claim, Plaintiff has properly stated a claim for which relief could be granted. To establish a prima facie case for retaliation under Title VII, a plaintiff must show that (1) she engaged in activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal connection existed between the participation in the protected activity and the adverse employment action. Roberson v. Alltel Info. Servs., 373 F.3d 647, 655 (5th Cir.2004). Retaliation, in whole or in part, must have motivated the adverse employment action. See Evans v. City of Houston, 246 F.3d 344, 355 (5th Cir.2001). Plaintiff clearly engaged in activity protected by Title VII-the filing of an EEO complaint alleging racial discrimination. Plaintiff again alleges the denial of overtime opportunities as the adverse employment action. As explained above, this is a proper adverse employment action. Plaintiff's hurdle in her retaliation claim is establishing a causal connection between the filing of a discrimination complaint and the denial of overtime opportunities. Though it appears that Plaintiff is merely realleging the same conduct that she alleges in her Title VII discrimination case in her retaliation case, it may be that Plaintiff is alleging she was *further* denied overtime opportunities *because of* the filing of the EEO complaint. Plaintiff is not permitted to rely on the same conduct to support both her claim for discrimination and for retaliation, but so long as Plaintiff is able to prove denial of overtime opportunities because of the filing of the EEO complaint, she has properly stated a claim for which relief can be granted. Defendant's motion to dismiss Plaintiff's Title VII retaliation claim is DENIED.

Plaintiff's hostile work environment claim likely should have been exhausted through another administrative complaint. See O'Brien v. Lucas Assocs. Pers. Inc., 127 Fed.Appx. 702, 708, 2005 WL 768773 (5th Cir. Apr.5, 2005). That this claim was not exhausted is immaterial, however, because Plaintiff has failed to state a claim

for hostile work environment for which relief could be granted. To prevail under a claim for racial harassment based on a hostile work environment, a plaintiff must show that the conduct she was subjected to was so "severe or pervasive" as to create an environment that a reasonable person would find hostile or abusive. *Weller v. Citation Oil & Gas Corp.,* 84 F.3d 191, 194 (5th Cir.1996). "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 66, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). The entirety of Plaintiff's allegations as to her hostile work environment claim is that "Plaintiff was harassed, not properly supervised, held to stricter standards of performance, and denied benefits of employment accorded other employers." Complaint ¶ 38. Plaintiff's hostile work environment claim is a recitation of her Title VII discrimination claim. There is no factual allegation that could possibly support a claim that Plaintiff's workplace was so permeated with discriminatory intimidation, ridicule, and insult that it created an abusive working environment. Plaintiff alleges only that she was treated differently on account of her race. Defendant's motion to dismiss is therefore granted as to Plaintiff's hostile work environment claim. Count Four [5] of Plaintiff's Complaint is therefore dismissed.

## II. Motion for Summary Judgment

*5 Quite frankly, it is a dubious proposition to say that Plaintiff could prove her allegations of discrimination or retaliation. From the documents provided by Defendant at this point, it appears that Plaintiff was actually provided numerous opportunities for overtime, that the employees identified by Plaintiff in her disparate treatment analysis may not have been similarly situated to her, and that Defendant had a legitimate, non-discriminatory reason for denying overtime on certain days-the lack of a need for overtime on her unit. It is possible, however, that the evidence appears stacked against Plaintiff at this point because there has been little, if any, real opportunity for discovery in this case. Though Rule 56 allows a party to move for summary judgment "at any time," the granting of summary judgment is limited until "after adequate time for discovery." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A grant of summary judgment is premature and improper when basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims. 10B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2741 at 412-19 (3d 1998). Here, Plaintiff did not file her federal Complaint until March 21, 2005. A mere three months have passed since that time. There has not been a scheduling order issued directing a timetable for discovery. Defendant has not even filed an Answer as of yet. It would be far too premature to grant summary judgment at this point in time. Defendant's motion for summary judgment is DENIED without prejudice (docket no. 11-2).

## III. Conclusion

Plaintiff alleges that she was discriminated against in the awarding of overtime opportunities at the Postal Service because of her race. Defendant has moved for dismissal, or in the alternative, for summary judgment. Plaintiff has properly alleged a claim for Title VII discrimination and Title VII retaliation. The denial of overtime opportunities is sufficient to allege an adverse employment action. Plaintiff has sufficiently alleged an inference of racial discrimination so as to state a claim for Title VII discrimination. Plaintiff has also sufficiently alleged a nexus between protected Title VII activity and the further denial of overtime benefits, so as to properly allege a claim for Title VII retaliation. There is no allegation, however, that will support a claim for hostile work environment. There is no factual allegation to support a claim that Plaintiff's workplace was so permeated with discriminatory intimidation, ridicule, and insult that it created an abusive working environment. Defendant's motion to dismiss is therefore GRANTED as to Plaintiff's claim for hostile work environment. Defendant's motion to dismiss is DENIED as to Plaintiff's Title VII discrimination and retaliation claims.

Defendant's motion to file reply brief in excess of five pages is GRANTED (docket no. 14). Defendant's motion to strike the affidavit of Elizabeth Calvillo is DENIED as moot (docket no. 15). Defendant's motion to dismiss is GRANTED in part and DENIED in part (docket

no. 11-1). Plaintiff's claim for hostile work environment ("Count Four" of Plaintiff's Complaint) is DISMISSED. Defendant's motion for summary judgment is DENIED without prejudice (docket no. 11-2).

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 1514091

Footnotes

1     Apparently, a "scheme" is a system for sorting mail within certain routes. Mail processing clerks are required to become qualified for the sorting routes (or "schemes") to which they are permanently assigned. Plaintiff (and, to a lesser extent, Defendant) makes reference, without explanation, to certain acronyms and industry jargon that, although likely intelligible to members of the Postal Service community, are not exactly terms of common usage. Unfortunately, included among the Court's powers is not omniscience. The parties should bear this in mind in the future.

2     However, the Seventh Circuit in *Drew v. Illinois Dep't of Human Servs.,* 101 Fed. Appx. 637, 639, 2004 WL 1367508, *2 (7th Cir. Jun.15, 2004), held that overtime assignments, which were purely discretionary under the applicable collective bargaining agreement could not constitute an adverse employment action.

3     Defendant has attached the administrative materials as exhibits, supposedly in support of his motion for summary judgment. As explained below, summary judgment is not appropriate at this time because there has not been adequate time for discovery. Under Rule 12(b), the Court may not consider any documents outside the pleading in deciding a motion to dismiss. The Court is permitted, however, to consider documents that are incorporated into Plaintiff's Complaint, such as the administrative material. *See Willard v. Humana Health Plan of Texas,* 336 F.3d 375, 379 (5th Cir.1993). It is unclear why Plaintiff has failed to place any of the administrative materials before the Court.

4     There is some confusion as to this date. The actual EEO complaint is dated December 22, 2003 and stamped "Received" January 5, 2004. The Postal Service, Office of EEO Compliance and Appeals, sent Plaintiff a letter entitled "Acceptance of Complaint," dated January 30, 2004, which states that Plaintiff's complaint of discrimination was filed on December 31, 2003. It may be that the discrepancy in dates is due to holiday closures.

5     "Count Four" is actually the third of three counts listed in Plaintiff's Complaint.

---

**End of Document**      © 2017 Thomson Reuters. No claim to original U.S. Government Works.