# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| ISSAC BRACY<br><br>                      Plaintiff,<br><br>vs.<br><br>PFIZER, INC.<br><br>                      Defendant. | No. 1:16-cv-00052-WAL-GWC |

## DECLARATION OF JORDAN E. PACE

Pursuant to 28 U.S.C. § 1746, I, Jordan E. Pace, hereby declare as follows:

      1.      I am an attorney admitted to practice in this Court *pro hac vice* and an associate at the law firm of Hughes Hubbard & Reed LLP, one of the attorneys for Defendant Pfizer Inc. ("Pfizer") in the above-referenced action (the "Action"). I submit this declaration in support of Pfizer's Opposition to Plaintiff's Motion for Summary Judgment (the "Motion").

      2.      Pfizer has not filed or served any answer in the Action and has not had an opportunity to conduct any discovery. Pfizer has filed a motion seeking the dismissal of Plaintiff's First Amended Complaint with prejudice because Plaintiff commenced this Action nearly 19 years too late, making all of his claims time-barred. (*See* Mot. to Dismiss, ECF No. 21, filed Mar. 23, 2017.)

      3.      The Action is a product liability action based on Plaintiff's alleged ingestion of a medicine manufactured by Pfizer, Dilantin, and an injury allegedly suffered by Plaintiff. If the Action were not time-barred, Pfizer would take discovery as to whether Plaintiff was actually prescribed and actually ingested name-brand Dilantin rather than a generic medicine or some other product that Pfizer does not manufacture or sell. Pfizer would be able to defeat the Motion if discovery showed that Plaintiff did not ingest name-brand Dilantin. Relevant information is likely in Plaintiff's doctor's records, in Plaintiff's pharmacy records, and otherwise in Plaintiff's

possession or control. Pfizer has not had an opportunity to request or subpoena such records or to depose Plaintiff.

4. Another topic on which Pfizer would take discovery is whether Plaintiff or his doctor were aware of the alleged risks of Dilantin. Proof of such awareness would defeat the Motion as to any failure to warn claim under the Mississippi Product Liability Act, Miss. Code § 11-1-63(a)(i)(2), (e). Relevant information would likely come from Plaintiff's doctor or from Plaintiff, neither of whom Pfizer has had an opportunity to depose.

5. Pfizer would also be entitled to discovery on the issue of medical causation—including the exact nature of Plaintiff's alleged injury and the question of whether that alleged injury was caused by Dilantin or by other factors. Discovery showing that Plaintiff cannot prove causation would defeat his claims.

6. The foregoing are examples of facts that are essential to Pfizer's opposition to the Motion. Because this Action is in the pre-discovery pleadings stage, Pfizer has not had an opportunity to request documents, take depositions, or otherwise probe the veracity of Plaintiff's allegations on these and other key facts. Much of the relevant information remains in the exclusive possession of Plaintiff.

7. If Pfizer's Motion to Dismiss is not granted, Pfizer intends to conduct full discovery and be in a position to successfully oppose any motion by Plaintiff for summary judgment after the close of discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2017.

                                              /s/Jordan E. Pace
                                                Jordan E. Pace