## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

ISSAC BRACY,

        Plaintiff,

        v.

PFIZER, INC.,

        Defendant.

Civ. No. 16-52

**OPINION**

THOMPSON, U.S.D.J.[1]

### INTRODUCTION

This matter comes before the Court upon a motion for summary judgment and motion to amend the complaint by Plaintiff Issac Bracy ("Plaintiff") (ECF Nos. 19, 33), and a motion to dismiss by Defendant Pfizer, Inc. ("Defendant") (ECF No. 21). The parties have opposed each other's Motion(s). Pursuant to Federal Rule of Civil Procedure 78(b), the Court has decided these Motions based on the written submissions and telephone oral argument on May 1, 2018. For the reasons stated herein, the Court denies Plaintiff's Motion for Summary Judgment and Motion to Amend and grants Defendant's Motion to Dismiss.

### BACKGROUND

This case is a products liability action. In 1994, Plaintiff was prescribed Dilantin, a drug produced by Pfizer, to treat his Trigeminal Neuralgia. (Am. Compl. ¶¶ 2, 6, 15–16, ECF No.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

18.) In November 1993, shortly after he was first prescribed the drug, Plaintiff was hospitalized at the Central Mississippi Medical Center ("CMMC") in Jackson, Mississippi. (*Id.* ¶ 17.) Subsequently, at his doctor's advice to seek a warmer climate to assuage his trigeminal neuralgia symptoms, Plaintiff moved to St. Croix, USVI. (*Id.* ¶¶ 22–23.) In December 2014, Plaintiff saw a television "alert" about the risks of Dilantin and SJS, which prompted him to conduct his own research and request his medical records from CMMC. (*Id.* ¶¶ 24–29.) His medical records revealed that he had Steven-Johnson Syndrome ("SJS") in November 1994. (*Id.* ¶ 30.) Plaintiff claims that at the time he was prescribed Dilantin, there was no warning related to the risk for SJS, particularly in Black people—despite the fact that it was a known risk. (*Id.* ¶¶ 18, 20.) Plaintiff alleges that, subsequently, Defendant changed its labels but still did not directly warn patients of the risk. (*Id.* ¶ 21.) Plaintiff also alleges that other Black individuals from St. Croix died after taking Dilantin without proper warning (*id.* ¶ 5), and Defendant fraudulently concealed this information and the risks of Dilantin (*id.* ¶¶ 31–35).

Plaintiff filed this action on July 28, 2016. With the Court's leave, Plaintiff filed an amended complaint, the currently operative complaint, on March 9, 2017. (ECF Nos. 17, 18.) He pled the following Counts: (I) product liability – defective design, (II) product liability – manufacturing defect, (III) product liability – failure to warn, (IV) product liability – breach of implied warranty, (V) product liability – negligence, (VI) product liability – breach of express warranty, and (VII) punitive damages under common law and product liability act. (*See generally* Am. Compl.) On March 15, 2017, Plaintiff filed a Motion for Summary Judgment. (ECF Nos. 19, 20.) On March 23, 2017, Defendant filed its Motion to Dismiss (ECF No. 21), and then opposed the Motion for Summary Judgment (ECF No. 22). Plaintiff opposed and replied, respectively. (ECF Nos. 27, 28.) On February 20, 2018, Plaintiff filed the Motion to

2

Amend Complaint (ECF No. 33), which Defendant opposed (ECF No. 34). On April 6, 2018, this case was reassigned to the Honorable Anne E. Thompson. (ECF Nos. 35.) The parties argued by telephone on May 1, 2018. These three Motions are presently before the Court.

## LEGAL STANDARD

### I.     Motion for Summary Judgment

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### II.    Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d

3

Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). The court, however, may disregard conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The Court "may also take into account 'public record[s]' and 'undisputedly authentic document[s] that a defendant attaches as . . . exhibit[s] to a motion to dismiss if the plaintiff's claims are based on the document' when ruling on a 12(b)(6) motion." *Bostic v. AT&T of V.I.*, 166 F. Supp. 2d 350, 354 (D.V.I. 2001) (quoting *Pension Benefit Guar. Corp. v. White*, 998 F.3d 1192, 1196–97 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (1994)) (alteration in original).

The law of this Circuit permits a statute of limitations defense to be raised as a Rule 12(b)(6) motion if the "time alleged in the statement of a claim shows that the cause of action has

not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations omitted). "Where it is apparent from the face of the complaint that relief is barred under the relevant statute of limitations, dismissal for failure to state a claim is the appropriate remedy." *Tyson v. Samuel*, 2014 WL 1053102, at *2 (D.V.I. Mar. 19, 2014).

### III. Motion to Amend

According to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its pleading once as a matter of course within 21 days of serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading. A plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.*; *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The district court may exercise its discretion to deny leave to amend the complaint, but it must provide a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### DISCUSSION

### I. Motion for Summary Judgment

Plaintiff moves for summary judgment arguing that there is no dispute of material fact—Dilantin caused him to suffer SJS, and Defendant failed to warn against this danger. (See Pl.'s Mem. at 1, ECF No. 20.) Defendant replies that the Motion is (1) time barred, (2) procedurally and substantively deficient, and (3) premature. (*See generally* Def.'s Opp'n, ECF No. 22.)

5

Pursuant to Rule 56, a party may move for summary judgment at any time until 30 days following the close of discovery. *See* Fed. R. Civ. P. 56(b). Where a nonmovant demonstrates that there are inadequate facts with which to respond to the movant's motion, the court may defer the consideration of the motion for summary judgment. Fed R. Civ. P. 56(d)(1); *see Anderson*, 477 U.S. at 251 n.5.[2] Because summary judgment "presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007); *see also id.* ("[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988)). Therefore, challenges to summary judgment pursuant to Rule 56(d) are usually granted "as a matter of course." *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994) (internal quotations omitted).

Plaintiff moved for summary judgment four days after he filed his Amended Complaint. (*Compare* ECF No. 18 (dated 3/9/2017), *with* ECF No. 19 (dated 3/15/2017).) Shortly thereafter, Defendant filed its first responsive pleading in the form of a Rule 12(b)(6) motion to dismiss. On the same day, in opposing Plaintiff's Motion for Summary Judgment, Defendant asked the Court to deny the Motion pursuant to Rule 56(d)(1). (Def.'s Opp'n at 4.) While not styled as a traditional Rule 56(d) motion, the opposition pleads prematurity and provides the necessary supporting affidavits. *See St. Surin*, 21 F.3d at 1314 (noting that full procedural compliance with a Rule 56(f), now 56(d), motion is not fatal to its consideration). Defendant filed an affidavit by Jordan Pace, Esq., in support of a Rule 56(d) denial of Plaintiff's Motion.

---

[2] Rule 56(d) encompasses what was formerly-styled as Rule 56(f), a motion regarding the prematurity of a movant's motion for summary judgment, based on the non-movant's inability to respond, having not yet conducted discovery. *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 n.3 (3d Cir. 2012) (citing Advisory Comm. Notes, Fed. R. Civ. P. 56(d)) (noting amendment did not alter substantive legal analysis).

The declaration describes the topics on which Defendant would endeavor to take discovery in order to adequately oppose this Motion (Pace Decl. ¶¶ 3–6, ECF No. 22-3), and notes that being in the pre-discovery pleading stage, Defendant has not yet had the opportunity to make subpoena or deposition requests, though it intends to (*id.* ¶¶ 2, 6–7). *See Ersythee v. Shipping*, 2018 WL 1527821, at *5 (D.V.I. Mar. 27, 2018) (denying summary judgment where nonmovant in good faith detailed the information sought, why that information may create a genuine issue of material fact, and that he has not been able to obtain information in the movant's possession). Accordingly, the Court denies Plaintiff's Motion without prejudice, as premature. Having found that this Motion should not yet be filed, the Court need not address the merits of Plaintiff's Motion or the remaining arguments Defendant advances in opposition.

## II. Motion to Dismiss

Defendant moves to dismiss Plaintiff's Amended Complaint, arguing that it is time-barred by the statute of limitations, and in the alternative, Plaintiff fails to state a valid claim for his causes of action. Plaintiff claims that the statute of limitations was tolled and that he has adequately pled causes of action for all of the counts in his amended complaint.

### A. Statute of Limitations

The general statute of limitations under Mississippi law,[3] where not otherwise prescribed by law, is three years. Miss. Code Ann. § 15-1-49(1). Because product liability actions such as

---

[3] Defendant asserts, and Plaintiff does not contest, that Mississippi law applies because Plaintiff was prescribed Dilantin and then suffered the injuries or harm allegedly caused by Dilantin in November 1994 while he lived in Mississippi (*see* Am. Compl. ¶¶ 15–17), and under Virgin Islands choice of law rules, the law of the state where a personal injury occurred should typically govern. (Def.'s Mot. Dismiss at 3–4, ECF No. 21; *see* Pl.'s Opp'n at 5, ECF No. 28.) Plaintiff did not move to the Virgin Islands until some undisclosed time after his injury. The Court finds ample support for this assertion and agrees that Mississippi has a significant relationship to the injury claimed here. *See Berry v. Am. Airlines, Inc.*, 2000 WL 34205757, at *1 (D.V.I. Aug. 28, 2000) (citing Restatement (Second) Conflict of Laws § 146)). Thus Mississippi law applies.

7

this case are not provided for otherwise, the applicable statute of limitations is three years. *See,*
*e.g., Turnage v. McConnell Tech.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam)
(describing Mississippi products liability statute of limitations as three years); *Smith v. Gen.*
*Motors, LLC*, 2017 WL 4582330, at *1–2 (S.D. Miss. Oct. 13, 2017) (applying catchall 3-year
statute of limitations to products liability action, including claims under Mississippi Products
Liability Act ("MPLA")).[4] Defendant asserts that Plaintiff's claims began to accrue when he
was hospitalized in 1994. (Def.'s Mot. Dismiss at 4.) Plaintiff argues that the statute must be
tolled pursuant to the discovery rule or for Defendant's fraudulent concealment (Pl.'s Opp'n at
5–7.)

### 1. *Discovery Rule*

Mississippi statute provides for tolling pursuant to a discovery rule: when the action
"involve[s] latent injury or disease, the cause of action does not accrue until the plaintiff has
discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann.
§ 15-1-49(2). This provision implies that "the cause of action accrued upon discovery of the
injury, *not discovery of the injury and its cause*." *Angle v. Koppers, Inc.*, 42 So.3d 1, 5 (Miss.
2010) (emphasis in original) (finding cause of action accrued on date the plaintiff was diagnosed
with an injury or disease); *see Bryant v. Hewitt*, 812 F. Supp. 2d 768 (S.D. Miss. 2011)
("Likewise, in this case, the proper inquiry is the date of [plaintiff's] discovery that she had

---

[4] Defendant asserts that the time period for Plaintiff's breach of warranty claims is six years
pursuant to Mississippi statute § 75-5-725. (Def.'s Mot. Dismiss at 4 n.5.) It is unclear,
however, that Plaintiff's breach of warranty claims fall under this provision, rather than the
umbrella MPLA, which includes breaches of warranty and is subject to the catchall three year
limitation period. *Compare* Miss. Code § 75-2-725 ("Statute of limitations in contracts for
sale"), *with id.* § 11-1-63 (scope of MPLA includes "any action for damages caused by a
product, including, but not limited to, any action based on a theory of strict liability in tort,
negligence or breach of implied warranty"). Despite this discrepancy, three versus six years is
not dispositive given the significant passage of time in this case.

8

breast cancer, i.e., her injury or disease, not the date on which she purportedly discovered a causative relationship between hormone replacement drugs and the cancer."); *see also City of Tupelo v. O'Callaghan*, 208 So.3d 556, 570 (Miss. 2017) ("[B]ecause '[n]o provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues,' awareness of the injury itself is enough to activate the notice period." (quoting *Angle*, 42 So.3d at 7)).

The discovery rule applies to both latent injuries and "nonlatent injuries where the negligence that caused the injury is not known." *O'Callaghan*, 208 So.3d at 569–70. In addition to diseases with latent onset, the former category includes cases "where the 'plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.'" *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005) (quoting *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 168 (Miss. 1999)). The latter category only protects plaintiffs that do not "possess[] sufficient information to bring a claim." *O'Callaghan*, 208 So.3d at 570. The Mississippi Supreme Court "has cautioned that the discovery rule should only be applied in 'limited circumstances in [] negligence and products liability case[s] involving latent injury.'" *PPG Architectural Finishes*, 909 So.2d at 50 (alterations in original) (quoting *Schiro v. Am. Tobacco Co.*, 611 So.2d 962, 964 (Miss. 1992); *Owens-Ill., Inc. v. Edwards*, 573 So.2d 704, 707 (Miss. 1990)).

Plaintiff claims that the discovery rule should apply here to toll the statute of limitations because Defendant failed to warn of and "secretly concealed" the risks of Dilantin. (Pl.'s Opp'n at 5.) This argument, however, is inapposite to the application of the discovery rule. SJS is a disease or condition of immediate appearance, not late onset like cancer. *See Stevens-Johnson*

9

*Syndrome*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/stevens-johnson-syndrome/symptoms-causes/syc-20355936 (last visited Apr. 12, 2018). Plaintiff knew that he was injured in 1994 when he went to the hospital with a reaction after taking Dilantin for just a few weeks. The fact that it was allegedly caused by Dilantin or that Defendant secretly concealed that casual connection with inadequate labels is irrelevant to the date of actual injury. Moreover, Plaintiff's claims that the records were not self-reported, he did not know their contents, or the doctors did not relay the diagnosis to him, are unavailing. (*See id.* at 4; *see also id.* at 2 ("Nothing in Plaintiff's medical records indicates that Plaintiff's doctor shared any diagnosis with Plaintiff.").) The fact that the 1994 CMMC records reflect a Dilantin sensitivity, sores, rashes, and a diagnosis of SJS means that with some modicum of diligence, Plaintiff could have discovered the specific nature of his injury. (Medical Records at 2, 8, 17, Ex. A, ECF No. 21-1.) *Cf. Miss. Valley Silica Co., Inc. v. Barnett*, 227 So.3d 1102, 1121 (Miss. Ct. App. 2016) (finding medical records suggesting possible diagnosis do not trigger statute of limitations). These records existed and Plaintiff had the authority to possess them since 1994. Therefore, the discovery rule will not be applied toll the statute of limitations.

### 2. *Fraudulent Concealment*

Mississippi statute also permits tolling where there is evidence that someone "fraudulently conceal[ed] the cause of action from the knowledge of the person entitled thereto," such that the limitations period begins to run at "the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Miss. Code Ann. § 15-1-67. "[T]o toll a statute of limitations, a plaintiff must prove that (1) that the defendant engaged in affirmative acts of concealment, and (2) despite investigating with due diligence, the plaintiff

was unable to discover the claim." *Nygaard v. Getty Oil Co.*, 918 So.2d 1237, 1242 (Miss. 2005) (internal quotations omitted); *see Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003).

A federal products liability case applying Mississippi law, *Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329 (S.D. Miss. 2011), *aff'd* 487 F. App'x 207 (5th Cir. 2012) (per curiam), provides an analogous and instructive discussion. Plaintiff submitted that,

> [F]raudulent concealment tolling applies in this case because Mrs. Bryant did not discover that Prempro caused her breast cancer until the results of a Women's Health Initiative study were published in July 2002 reporting an increased risk of breast cancer from Prempro were published. Plaintiff argues that Mrs. Bryant was unable to discover the cause of her breast cancer earlier because Wyeth's labeling/package insert for Prempro "does nothing to illuminate the problems of combined estrogen and progestin hormone therapy, even though Wyeth had known for well over a decade that physicians had been prescribing the two strictly in combination for women with intact uteri." Plaintiff thus concludes that "Wyeth concealed the true risks of breast cancer from the entire medical and scientific community, and they were certainly concealed from a layman like Mrs. Bryant."

*Id.* at 334–35 (internal footnote omitted). The *Bryant* court rejected the plaintiff's argument and refused to toll the statute of limitations from the time of her cancer diagnosis, concluding, "Inadequacies in [the Defendant's] labeling which ultimately form the basis of plaintiff's claims for relief do not constitute subsequent affirmative acts of concealment. Since there is no proof of fraudulent concealment, the running of the statute of limitations on plaintiff's causes of action was not tolled." *Id.* at 335; *see also In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, 2016 WL 4445980, at *3 (M.D. Ga. Aug. 19, 2016) (applying Mississippi law, finding that inadequate warnings and a failure to supplement warnings on medical device "not a subsequent affirmative act of concealment that kept [the plaintiff] from learning that she had been injured or that her injury was connected to ObTape").

Plaintiff's argument for fraudulent concealment echoes much of the rhetoric in his discovery rule argument. He claims that Defendant knew of the increased risk of Dilantin and SJS but willfully did not warn Black American consumers: and accordingly, he did not know of

11

the risk until he saw the TV alert and obtained his medical records. (Pl.'s Opp'n at 7–8.)
Reflecting many of the same claims as the plaintiff in *Bryant*, this argument does not meet the
requisite elements for fraudulent concealment. Deficiencies in Defendant's warnings for
Dilantin have no bearing on the time Plaintiff suffered his injury—he was well aware that he was
injured in 1994, and as noted above, his medical records reflect an SJS diagnosis. Plaintiff does
not plead any post-1994 conduct that actively sought to conceal his discovery of the SJS-Dilantin
link. And even so, Plaintiff could have obtained his records prior to 2015 when he received them
from CMMC (Am. Compl. ¶ 29); no conduct by Defendant prevented him from doing so.

On balance, the Court finds that the three year statute of limitations for this action began
to accrue in November 1994, or shortly thereafter, when Plaintiff was hospitalized for a Dilantin
reaction. The limitations period should not be tolled pursuant to either the discovery rule or for
fraudulent concealment, and therefore ended in late 1997. Plaintiff filed this action in 2016.
Accordingly, his complaint is time-barred.

### B. Failure to State Claim

Having found that all of Plaintiff's claims are time-barred by Mississippi's statute of
limitations, and that Plaintiff is not entitled to tolling that might cure this defect, Plaintiff's
claims cannot be heard. Therefore, the Court need not address the sufficiency of his pleadings
under Rule 12(b)(6).

### III.    Motion to Amend

Most recently, Plaintiff has moved the Court for leave to amend his complaint a second
time. The Proposed Second Amended Complaint includes more discussion of the Dilantin label
warnings from other countries (*see* Proposed Second Am. Compl. ¶¶ 31–33, 55, ECF No. 33-1),
a lengthy chronology of past medical studies and reports on the risks of Dilantin (*id.* ¶¶ 40–50),

12

and allegations that Defendant fraudulently and aggressively promoted Dilantin while downplaying the medical risks and side effects involved (*see, e.g., id.* ¶¶ 57, 64–67). Plaintiff also includes a new paragraph asserting that the statute of limitations was tolled, claiming that Defendant's "affirmative misrepresentations and omissions . . . concealed from Plaintiff and Plaintiff's physicians the true and significant risks associated with taking their Dilantin Drug products; and thus, the running of any applicable statute of limitations has been tolled by reason of Defendant['s] fraudulent concealment." (*Id.* ¶ 74.) Defendant opposes, arguing that the proposed amendments would not cure the statute of limitations issue or justify tolling, the pleadings remain inadequate under Rule 12(b)(6), and this Motion was made with undue delay and bad faith. (*See generally* Def.'s Opp'n, ECF No. 34.)

Having found that the statute of limitations is a threshold bar to Plaintiff's claims, regardless of their pleading sufficiency, the Court first must consider whether Plaintiff has now satisfactorily established some basis on which to toll. The standard for fraudulent concealment was discussed in detail above. The Court concludes that Plaintiff's Proposed Second Amended Complaint still does not establish that Defendant fraudulently concealed his injury such that the statute of limitations should be tolled. The facts remain unchanged that Plaintiff knew or should have known through reasonable diligence in reviewing his own medical records that he suffered from SJS and a Dilantin sensitivity. Defendant's inadequate labeling or failure to warn certain countries and communities of a heightened risk does not qualify as a fraudulent act of concealment, *see Bryant*, 816 F. Supp. 2d at 335, nor did it conceal Plaintiff's discovery of the injury he suffered. He experienced an actual, not legal or causal, injury in 1994, at which time the cause of action accrued. Plaintiff's inclusion of broad legal conclusions do not meet the test

13

under Mississippi case law.  Therefore, the Court finds that amendment would be futile because Plaintiff's claims are still time-barred.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied, Defendant's Motion to Dismiss is granted, and Plaintiff's Motion to Amend is denied.  An appropriate order will follow.

Date: 5/1/18

_Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.